# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES WALSH and BELINDA WALSH, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 3:15-cv-1036 |
| ) | Judge Aleta A. Trauger |
| STATE FARM FIRE AND CASUALTY ) COMPANY, ) ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Pending before the court is a Rule 59(e) Motion to Alter or Amend Judgment and/or in the Alternative Rule 60(b) Motion for Relief From Final Judgment (Docket No. 41) filed by the plaintiffs, James and Belinda Walsh (the "Homeowners"). For the reasons discussed herein, this motion will be denied.

## BACKGROUND & PROCEDURAL HISTORY

This insurance dispute arises from allegations that the defendant, State Farm Fire & Casualty Company ("State Farm"), denied the Homeowners' insurance claim for damage to their property that was caused by sinkhole activity, despite the fact that the Homeowners had met all conditions of their insurance policy with State Farm and the policy covered sinkhole damage. (Docket No. 1-2.) A breach of contract action was initially filed by the Homeowners on June 19, 2015 against State Farm (Docket No. 1-2) and was removed to federal court on September 28, 2015 (Docket No. 1). An Initial Case Management Order was entered on December 22, 2015. (Docket No. 11 (the "CMO").) Among other deadlines, the CMO ordered that the Homeowners must identify and disclose all expert witnesses and reports by July 1, 2016; that all depositions of

1

expert witnesses must be taken by October 1, 2016, and that all dispositive motions must be filed by October 1, 2016.

On August 11, 2016, after the CMO deadline for the Homeowner's expert disclosures had passed, the parties filed a Joint Mediation Report, indicating that they were attempting to schedule mediation over the coming months. (Docket No. 12.) Then, on December 9, 2016, after the CMO deadline for the filing of dispositive motions had passed, the parties filed a joint Motion to Continue Trial Pending Mediation, indicating that the parties were in the process of mediating a settlement and would move for a new case management order in the event the mediation was unsuccessful and new deadlines were needed. (Docket No. 13.) The court granted this motion. (Docket No. 14.)

On February 24, 2017, State Farm filed a Motion for Summary Judgment. (Docket No. 15.) Subsequently, the Homeowners filed a Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment, noting that depositions had been postponed during mediation efforts, and asking to extend the response deadline until thirty days after the Homeowners' deposition of State Farm's corporate representative in late March. (Docket No. 23.) The court entered an Order granting the Homeowners permission to respond to State Farm's Motion for Summary Judgment within 30 days after deposing State Farm's corporate representative and ordering the Homeowners to file notice with the court when the deposition was scheduled. (Docket No. 24.) On April 27, 2017, the Homeowners filed a Notice with the court stating that the deposition of State Farm's corporate representative had taken place on April 5, 2017. (Docket No. 28.) The following day, the court entered an Order requiring the Homeowners to respond to State Farm's pending Motion for Summary Judgment by May 5, 2017 and allowing State Farm to file a Reply by May 19, 2017. (Docket No. 29.) The parties

filed their respective Response and Reply, briefing the merits of State Farm's Motion for Summary Judgment, in accordance with that Order. (Docket Nos. 30, 34.)

Nowhere in their briefing on State Farm's Motion for Summary Judgment, or elsewhere in the record, did the Homeowners argue that State Farm's Motion for Summary Judgment should be denied as untimely pursuant to the CMO or indicate any objection to the court's considering the motion on the merits. Nor did the Homeowners ever indicate to the court that they needed additional time to develop the factual record prior to the consideration of the motion, beyond their initial request to extend the briefing schedule until the deposition of State Farm's corporate representative was concluded.[1]

On July 17, 2017 the court granted State Farm's Motion for Summary Judgment on the merits. (Docket No. 37.) In the accompanying Memorandum, the court held that the Homeowners had failed to meet their burden of demonstrating a triable issue of fact as to whether State Farm had improperly denied their insurance claim. (Docket No. 36 (the "Prior Opinion").) In reaching this conclusion, the court first found that the expert report of Sonny Gulati of Florida Testing and Environmental, Inc. proffered by the Homeowners (Docket No. 16-1) and the Affidavit of Sonny Gulati (Docket No. 30-3) (collectively, the "Gulati Opinions") comprised the sole evidence to support the Homeowners' position but were inadmissible under Rule 26(a)(2)(B), Federal Rule of Evidence 702, and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993). The court's analysis regarding the admissibility of the Gulati Opinions is discussed more fully in the Prior Opinion but, briefly, the court found that Mr. Gulati did not properly explain his methodology for either his opinion that the damage to the Homeowner's

---

[1] The Homeowners assert that State Farm refused to "agree to allow the Homeowners to add a geologist for trial" after State Farm filed its Motion for Summary Judgment. (Docket No. 41, p. 2, n. 2.) This request, however, was never before the court.

property may have been caused by sinkhole activity or for his opinion that the experts retained by State Farm erred in concluding that the damage was *not* caused by sinkhole activity. On the same day, the Clerk filed an Entry of Judgment dismissing the case. (Docket No. 38.)

On August 14, 2017, the Homeowners filed the currently pending Motion to Alter or Amend Judgment and/or in the Alternative Motion for Relief From Final Judgment, arguing that the final judgment against them should be set aside under Rule 59(e) or Rule 60(b)(1). (Docket No. 41.) The Homeowners argue for the first time that the court was wrong to have considered State Farm's Motion for Summary Judgment because it was untimely under the CMO. Alternatively, the Homeowners argue, also for the first time, that the court should have granted the Homeowners additional time to supplement the Gulati Opinions because the dismantling of the CMO in December of 2016 meant that no expert disclosure deadline had passed at the time the Motion for Summary Judgment was considered. Finally, the Homeowners argue that the court incorrectly reached the conclusion that Mr. Gulati's report is inadmissible and that summary judgment is proper. Attached to the Homeowners' Motion is the transcript of the May 9, 2017 deposition of Sonny Gulati (Docket No. 41-1) as well as the transcript of the March 24, 2017 deposition of Bernd T. Rindermann in a separate action (Docket No. 41-2).[2]

## **LEGAL STANDARD**

Under Rule 59(e), a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

---

[2] The Rindermann Deposition transcript was previously attached to the Homeowners' Response to State Farm's Motion for Summary Judgment. (Docket No. 30-4.) Mr. Rindermann is one of the experts who prepared a report on behalf of State Farm that was used to support State Farm's initial denial of the Homeowners' insurance claim. This report was also placed in the record in support of State Farm's Motion for Summary Judgment. The Homeowners cite to the Rindermann Deposition to support their position that it is standard in the industry to rely on subsurface data collected by others to opine about the presence or absence of sinkhole activity and, therefore, the Gulati Opinions – which purportedly rely on data collected by State Farm's experts – are proper and admissible.

prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). A motion under Rule 59(e) is not, however, a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Leisure Caviar*, 616 F.3d at 616 (noting movant "cannot use a Rule 59 motion to raise arguments which could, and should, have been made before judgment issued"). In the Sixth Circuit, "[t]he grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009) (quoting *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005)).

Rule 60(b)(1) provides that relief from a final judgment may be granted due to "(1) mistake, inadvertence, surprise, or excusable neglect." The Sixth Circuit has stated that Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted). "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (citations and internal quotation marks omitted). Whether to grant a motion under Rule 60(b) is left to the sound discretion of the district court. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

## **ANALYSIS**

The Homeowners, apparently dissatisfied with the court's granting of State Farm's Motion for Summary Judgment, have now raised for the first time the argument that the court should not have considered State Farm's Motion for Summary Judgment on the merits because it was untimely under the CMO or because the Homeowners had not yet had a full opportunity to

develop the record. This argument is without merit. When the court granted the parties' jointly filed Motion to Continue Trial Pending Mediation in December of 2016, the court understood the parties to have made the mutual decision to disregard the CMO deadline for the filing of dispositive motions in light of their ongoing efforts to resolve this dispute through mediation. The parties had previously filed a Joint Mediation Report, bringing their mediation efforts to the court's attention, after the CMO deadline for the Homeowners' expert disclosures had passed but prior to the dispositive motion deadline. Once the court granted the parties' Motion to Continue Trial, the parties were no longer bound by the CMO deadlines, and it was the court's understanding that deadlines would be reset as needed to resolve this matter going forward. In February of 2017, when State Farm filed its Motion for Summary Judgment, the Homeowners should have immediately raised any objections to the court's consideration of the Motion on the merits or any request for additional time to supplement the record. The Homeowners did not, however, raise any such arguments on the record.

Instead, the Homeowners responded to State Farm's Motion for Summary Judgment by expressly moving the court for an extension of time to respond, only to allow the Homeowners to complete their deposition of State Farm's corporate representative, a request that the court granted. The subsequent briefing schedule set by the court for the Motion for Summary Judgment clearly supplanted all deadlines previously indicated in the disregarded CMO. Indeed, the Homeowners followed this briefing schedule and opposed State Farm's Motion for Summary Judgment solely on the merits and based on the record before the court at that time. The Homeowners cannot now argue that the court's consideration of this motion was unfair to them, either due to their belief that the CMO should have applied to bar State Farm's filing of a dispositive motion or due to their need for additional time to supplement the record. The court

did not make a mistake of law or fact in deciding the Motion on the merits but, rather, followed the parties' representations on the record indicating that that was what they wished the court to do. Simply because the Homeowners are displeased with the court's ultimate decision does not make it proper or equitable for the Homeowners to now ask for a second opportunity to supplement the record or to rely on the CMO that they conceded to disregard as a basis for overturning the court's grant of summary judgment and allowing this case to proceed to trial.

The Homeowners argue that the court acted inconsistently by disregarding the CMO with respect to the dispositive motion deadline but simultaneously relying on the CMO deadline for the Homeowners' expert disclosures in finding the record to be fully developed at the time the Motion for Summary Judgment was decided. The Homeowners, however, misunderstand the court's actions. The true reason the court considered the record to be fully developed at the time State Farm's Motion for Summary Judgment was decided is not solely because of the CMO deadline but, rather, because of the parties' representations that they agreed to the briefing schedule and their filing of briefs that addressed the issues on the merits without requesting additional time to supplement the record. In fact, the Homeowners specifically requested that the deadline to respond to State Farm's Motion for Summary Judgment be set within a particular timeframe, and the court granted that request. The court, thus, had every reason to believe that the Homeowners did not intend to supplement the record further and were prepared to defend their claims based on the record at that point in time, which is what the Homeowners in fact did in their Response to State Farm's Motion for Summary Judgment. The Homeowners cannot now argue that they have been unfairly harmed by the court's consideration of the Motion on the merits, based on the record before the court at the time, simply because the Homeowners' opposition to the motion, also made on the merits and based on that same record, was

unsuccessful. To the contrary, it would be highly unfair to State Farm to now allow the Homeowners a second bite at the apple after State Farm's Motion for Summary Judgment has already been decided based upon a briefing schedule that was apparently agreed to by the parties and based solely on the issues raised in the parties' briefs.

Finally, with respect to the Homeowner's argument that the court improperly held the Gulati Opinions to be inadmissible, the court finds that this argument is wholly without merit. Without fully repeating the court's grounds for finding the Gulati Opinions inadmissible, which are discussed fully in the Prior Opinion, the court finds that the arguments now raised by the Homeowners do not change the court's conclusion with respect to this issue. First, the court finds irrelevant the Homeowners' argument that it is proper for an expert to rely on testing conducted by someone else in reaching his or her conclusions, as Mr. Gulati did. What the Homeowners overlook in making this argument is that the court did not find the Gulati Opinions to be inadmissible simply because Mr. Gulati purportedly relied on testing data from State Farm's experts. Rather, the court found that Mr. Gulati did not sufficiently explain the methodology supporting his opinions that were based on that data; nor did he explain the methodology behind his opinion that State Farm experts' conclusions were incorrect.

Second, the Homeowners' argument that the Gulati Opinions are admissible because State Farm has had the opportunity to depose Mr. Gulati about his methodology subsequent to the filing of its Motion for Summary Judgment is equally without merit. For the reasons discussed above, the court finds that the Gulati Opinions were properly held inadmissible based on the evidence that was in the record at the time the Motion for Summary Judgment was properly considered. Moreover, the Homeowners do not point to any particular testimony by Mr. Gulati in his deposition transcript that serves to sufficiently explain his methodology so as to

render the Gulati Opinions admissible. Further, the court's review of Mr. Gulati's deposition transcript that has now been placed in the record does not reveal any testimony that could serve to rehabilitate the Gulati Opinions and, thus, the court finds that the record on the pending Motion only further confirms the court's finding in the Prior Opinion that the Gulati Opinions are inadmissible. As a result, as stated in the Prior Opinion, absent the admissibility of the Gulati Opinions, the plaintiffs cannot meet their burden to create a triable issue of fact, and this case was properly dismissed.

## **CONCLUSION**

For the foregoing reasons, the Homeowners' Motion to Alter or Amend Judgment and/or For Relief from Final Judgment is hereby **DENIED**.

It is so **ORDERED**.

Enter this 17th day of August 2017.

_____
ALETA A. TRAUGER
United States District Judge